### RODBERG v EVERSOLE et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1626.   Decided Jan 10, 1941

Harold E. Smock, Dayton, for plaintiff-appellant.

Gates C. Oblinger, Dayton, for defendants-appellees.

### OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

The order appealed from was a judgment of the Court of Common Pleas overruling plaintiff's motion requesting the court to recall an execution previously issued by defendants' counsel.

The motion, omitting the formal parts, was in the language following:

"Comes now the plaintiff, by his counsel, and moves the court for an order directing the Clerk of the Common Pleas Court of Montgomery County, Ohio, to recall the execution heretofore herein issued by defendant's counsel and for a further order hereby directing the cancellation and striking from the records of said court, Certificate of Judgment, No 5842, for the reasons set forth in the memorandum to this motion."

Signed           Harold E. Smock,
                 Attorney for Plaintiff.

### MEMORANDUM

"Plaintiff counsel desires an oral hearing on this Motion, for the reason that there is another action now pending between the same parties plaintiff and defendant, growing out of the same subject matter and in all other respects identified and related to the above action, wherein the amount of the alleged claim, which defendants have attempted to recover by the process here objected to, was allowed and set off and entered as a credit or payment on the balance due plaintiff on a contractual matter, or action ex contractu, case number 90220. Plaintiff contends this legal right should and is observed in law and should be applied in this instance.

That the rights of the parties must be determined.

Signed      Harold E. Smock,
          Attorney for Plaintiff."

The judgment of the court overruling the motion as journalized, omitting the formal parts, reads as follows:

"This matter coming on to be heard on the motion of Plaintiff for an order of the Court directing the Clerk of the Court of Common Pleas of Mont-gomery County, Ohio, to recall the Execution heretofore issued and the same being argued in open Court by the attorneys herein.

The Court finds that the motion was not well taken and the same is herewith overruled. .To all of which action, Plaintiff by his attorney excepts."

         Approved    Mills, Judge.
Harold E. Smock,
   Attorney for Plaintiff
Gates C. Oblinger,
   Attorney for Defendants.

The bill of exceptions, among other things, contains the following:

"No testimony was taken or evidence submitted on said motion, and the oral argument above referred to was all the proceedings had upon said motion."

Plaintiff's assignment of errors is set out in five separately numbered specifications, as follows:

"1. The Common Pleas Court erred in overruling the plaintiff's motion for an order for the recall of execution issued by defendants and for discharge of defendants' attachment-garnishment then pending; and also erred in its revocation of plaintiff's good and sufficient bond for the discharge of the attachment-garnishment and for stay of said execution or recall thereof, until plaintiff's separate pending action was adjudicated.

2. The Court erred in refusing to allow plaintiff the right to file said bond proffered, or any bond conditioned according to law for said purpose.

3. That the order and action of the Common Pleas Court appealed from and excepted to, is contrary to law.

4. Because the order, or decision of the court was for the defendants when it should have been for the plaintiff.

5. Because of all other errors, omissions and defects in the record prejudicial to the rights of the plaintiff-appellant."

Counsel for appellant in his brief very earnestly urges and argues many questions not germane to the subject of the appeal. For this reason we deem it advantageous to present a short history of the case.

The plaintiff Rodberg some time prior to March 21, 1938, claimed to have a contract with the defendants for the construction of a church structure on property located in the City of Dayton. On March 21, 1938, the six defendants executed and delivered to plaintiff their cognovit promissory note for the payment of $300.00, with interest at the rate of 6% from March 21, 1938. The note was due in thirty days from date. On December 28, 1939, plaintiff duly took judgment on said note under and by virtue of the cognovit provisions, without service of summons.

On January 5, 1939, the defendants, through their counsel, filed motion and affidavit to vacate said judgment on the ground that defendants had a legal defense thereto.

On January 7, 1939, motion was sustained, judgment vacated and leave granted defendants to plead within two weeks.

On January 21, 1939, the defendants filed an answer and cross-petition, on which summons was issued but not served.

The cross-petition in substance set up claimed defects in the construction and asked damages in the sum of $465.50. The summons which was issued but not served had endorsed thereon the amount claimed, $465.50.

The answer and cross-petition disclosed in three different places a change in the word "four" to "five", so that after the change, the amount reads

$565.50. This change was not only made in the body, but also in the prayer. When the change was made, does not appear.

On January 28, 1939, plaintiff filed an answer to defendants' cross-petition, in substance denying claim for damages.

The case came to trial before a court and jury on June 7, 1939, and on June 8, 1939, the jury returned a verdict in favor of the plaintiff in the sum of $300.00, with interest at the rate of 6% from March 21, 1938, and for the defendants against the plaintiff in the cause of action set forth in defendants' cross-petition, in the sum of $565.50 and costs.

Motion for new trial was duly filed, overruled and judgment entered for the defendants against the plaintiff in the sum of $265.50 and costs.

This journal entry was filed and journalized on August 26, 1939.

No appeal was taken from the above judgment.

So far as the transcript of docket and journal entries discloses nothing further was done until November 14, 1939, when defendants caused execution to be issued against plaintiff.

On November 15, 1939, the sheriff made his return of no goods or chattels, lands or tenements, found, and returning the writ for want of property whereon to levy.

On November 18, 1939, plaintiff filed motion for recall of execution.

On December 20, 1939, defendants filed affidavit in aid of execution. On the same day the court issued the order directing garnishee proceedings against two named persons.

On December 22, 1939, the court caused to be journalized its order overruling plaintiff's motion to recall execution.

This is the order from which plaintiff now prosecutes his appeal.

Plaintiff in his brief complains of errors in the procurement of defendants' judgment none of which may be considered since plaintiff did not prosecute appeal from the judgment of the court journalized on August 26, 1938. This was a final order and the proper time for plaintiff to prosecute his appeal if he felt that the judgment was erroneously obtained.

The sole and only question for our determination is whether or not plaintiff-appellant presents a legal ground for ordering the recall of the execution and garnishee proceedings previously entered on the judgment regular on its face.

The bill of exceptions, following the recital of plaintiff's filing motion to recall execution, the fact that no evidence was submitted, and the action of the court overruling the motion, then proceeds with what purports to be two copies of affidavits sworn to on December 27, 1939, and sought to be filed. These affidavits seek to make a showing that following the adjudication and overruling of the motion, plaintiff sought to bring himself within what he claims was said orally by the court, that a good and sufficient bond might be given for the purpose of staying execution. We can give no credence to this claim for the reason that we are necessarily limited to the state of the record at the time the claimed final order was made on December 22 1939.

If counsel was endeavoring to perfect his record and supply something which has been omitted originally, he could and should have presented to the court a new motion and then the matters that he now seeks to present would have been properly in the record. We can go no farther than to pass on the question as to whether or not the trial court was in error in overruling the motion under the state of facts then presented.

This narrows the question down to the single question as to whether or not the memorandum attached to plaintiff's motion states an adequate ground for ordering the withdrawal of the execution.

We have no difficulty in determining that the mere fact that plaintiff had another action pending, predicated upon the same contract which was a consideration in part for the note, would not be sufficient ground to recall the execution.

The judgment of the trial court will be affirmed, and the cause remanded for further consideration according to law.

Costs in this court will be adjudged against plaintiff.

HORNBECK, PJ. and GEIGER, J., concur.